**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WALTER CHARLESTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION 07-0122-WS-M** |
| | ) |
| **BABER'S INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 2). The defendants have filed a response, (Doc. 6), and the motion is ripe for resolution.

The only basis for the motion to remand is that the amount in controversy does not exceed $75,000. "[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353, 1357 (11[th] Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11[th] Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here. Under *Tapscott,* a defendant must show that, if the plaintiff prevails on liability, it will more likely than not be awarded over $75,000.[1]

---

[1] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'")(quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

The complaint alleges that the individual defendant, while acting as the agent of the corporate defendant, collided with a power pole and caused "extensive damage" to the plaintiff's commercial property.  The complaint alleges damage to equipment, fixtures and supplies; repair expenses; loss of use, profit and business opportunity; and other, unspecified damages.  The complaint seeks both compensatory and punitive damages. (Doc. 1, Exhibit A).

The notice of removal posits that, given the multiple categories of damages claimed in the complaint, it is "nearly certain" that any verdict for the plaintiff would exceed the jurisdictional amount.  (Doc. 1 at 3, ¶ 7).  It is certainly possible that the plaintiff sustained damages above $75,000, but the mere fact that he claims several types of compensatory damages is not evidence that the amounts involved are sufficient to support this Court's jurisdiction.  Nor, absent evidence indicating the egregiousness of the defendants' conduct, may the Court assume that an award of punitive damages would be of sufficient magnitude to offset the deficiency.

The defendants' position is further weakened by the motion to remand, in which the plaintiff discloses that the highest settlement demand he made before filing suit was $45,000.  (Doc. 2 at 2, ¶ 3).  The defendants do not deny the accuracy of this representation, nor do they suggest that the settlement demand underestimated the value of the case by almost 70%.

Finally, the plaintiff has submitted an affidavit asserting that it was not his intention when filing his complaint to seek over $75,000.  Although "the district court must determine whether it had subject matter jurisdiction at the time of removal[, and] events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction," *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), the Court determines that the affidavit is not an improper, post-removal attempt to reduce the amount in controversy but a proper clarification of the amount in controversy as it existed

at the time of removal.

The defendants admit that they are "without evidence to contradict the stipulated damages asserted by the Plaintiff ...." (Doc. 6 at 2, ¶ 4). They correctly concede thereby that they cannot meet their burden of proof concerning the amount in controversy.

For the reasons set forth above, the motion to remand is **granted**. This action is **remanded** to the Circuit Court of Marengo County.[2]

DONE and ORDERED this 21st day of March, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]The Court declines the defendants' invitation to "fin[d], upon joint stipulation of the parties, that the damages claimed by the Plaintiff in said action shall not exceed $74,499.00," (Doc. 6 at 2), because the motion to remand is due to be granted irrespective of the stipulation.